The STATE of Ohio, Appellee,

v.

LYNCH, Appellant.

[Cite as *State v. Lynch* (1991), 75 Ohio App.3d 518.]

Court of Appeals of Ohio,
Montgomery County.

No. 12269.

Decided Aug. 13, 1991.

*Lee A. Falke*, Prosecuting Attorney, and *Pamela A. Drucker*, Assistant Prosecuting Attorney, for appellee.

*Kurt R. Portmann*, County Public Defender, and *Barbara V. Thompson*, Assistant County Public Defender, for appellant.

---

GRADY, Judge.

Arthur Lynch appeals his conviction for drug abuse, in violation of R.C. 2925.11, arguing that the amount of cocaine residue found in his possession was insufficient to support a charge under R.C. 2925.11. Lynch moved to dismiss the charge prior to trial, arguing that he should have been charged, if at all, under R.C. 2925.14, the drug paraphernalia statute. The trial court denied Lynch's pretrial motion to dismiss and, after a plea of no contest was entered, found him guilty of drug abuse. For the reasons stated below, we affirm the trial court.

## I

Appellant Lynch was arrested on December 23, 1989, in the course of a consensual search of a residence, when a pat-down of his person produced a glass tube commonly known as a "crack pipe." The tube contained traces or residue of a white substance. The tube was later tested by the Miami Valley Crime Laboratory, which reported that it received "one glass tube containing a white residue" and that the glass tube "was analyzed and found to contain Cocaine (Crack, Schedule II)." No quantity was reported.

Appellant was charged with a violation of R.C. 2925.11, drug abuse, by indictment alleging that he "did knowingly possess a controlled substance, to wit: Cocaine." He entered a plea of not guilty.

Appellant filed a pretrial motion to dismiss, arguing that the only proper charge under the circumstances was for possession of drug paraphernalia, in

violation of R.C. 2925.14(B)(4). Appellant and the state stipulated for purposes of the motion that the entire basis of the charge under R.C. 2925.11 was the residue of cocaine found in the pipe. The court denied the motion, finding that because drug abuse and possession of drug paraphernalia are not allied offenses of similar import, either charge would lie under these facts.

On April 10, 1990, appellant entered a plea of no contest and was convicted. He was sentenced on May 8, 1990 to serve a term of incarceration of one year, which was suspended in favor of a term of probation of five years. On June 6, 1990, he filed his notice of appeal.

## II

Appellant sets forth one assignment of error, which states:

"The trial court's decision overruling defendant's motion to dismiss was in error because it ignored the General Assembly's intention that persons caught with a drug abuse instrument be charged with a paraphernalia violation, R.C. Section 2925.14, rather than drug abuse, R.C. Section 2925.11.

R.C. 2925.11 provides, in part:

"(A) No person shall knowingly obtain, possess, or use a controlled substance."

R.C. 2925.14 provides in part:

"(A) As used in this section, 'drug paraphernalia' means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in * * * injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. * * *

" * * *

"(B) In determining if an object is drug paraphernalia, a court or law enforcement officer shall consider, in addition to other relevant factors, the following:

" * * *

"(4) The existence of any residue of a controlled substance on the object[.]

" * * *

"(C)(1) No person shall knowingly use, or possess with purpose to use, drug paraphernalia."

We find no indication that the General Assembly intended that a person in possession of an object containing the residue of an illegal drug must be charged with a paraphernalia violation, R.C. 2925.14, rather than a drug abuse violation, R.C. 2925.11. The crime of drug abuse contains no element concern-

ing the quantity of illegal drugs possessed, and so it may be concluded that any quantity is sufficient to satisfy the statute, including a mere residue on an object, so long as it is possessed knowingly.[1] Also, presence of a residue of controlled substance is not an element of a drug paraphernalia offense, but merely a factor or evidence which may be considered in proving the offense. Therefore, the fact that one possesses a residue of controlled substance does not necessarily compel a finding of guilt of a paraphernalia charge.

Appellant's basic argument is that the state is precluded from charging him under the drug abuse statute, R.C. 2925.11, when the drug paraphernalia statute, R.C. 2925.14, is also applicable, because R.C. 2925.14 is the more specific violation under these facts. R.C. 2925.11 is a fourth-degree felony when a schedule II drug, such as cocaine in this case, is involved. R.C. 2925.14 is a misdemeanor.

Appellant relies on R.C. 1.51, which provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Addressing this same argument, the trial court denied appellant's motion to dismiss, holding that drug abuse and possession of drug paraphernalia do not contemplate or prohibit the same conduct, but are two distinct crimes with different elements. On that basis the court found that they were not in conflict and, therefore, the preference of R.C. 1.51 for the specific over the general had no application. The same conclusion was reached by the Supreme Court of Ohio the day following, in *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134, which held that R.C. 1.51 "comes into play only when a general and specific provision constitute allied offenses of similar import." *Id.* at 120, 556 N.E.2d at 1136.

Allied offenses of similar import are offenses the elements of which correspond to such a degree that the commission of one will result in the commission of the other. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520. The elements of drug abuse and possession of paraphernalia do

---

1. In *State v. Susser* (Dec. 5, 1990), Montgomery App. No. 11787, unreported, 1990 WL 197958, we held that one could not "knowingly" possess a controlled substance in violation of R.C. 2925.11 when the quantity is so minute that, absent other facts, its presence could be determined only through extraordinary testing. Appellant here does not raise the same argument. Furthermore, his plea of no contest admits the facts alleged, including "knowing" possession, and thus waives any error in the denial of this form of pretrial motion. See Crim.R. 11, and 12(B) and (H).

not so correspond. One may be in possession of drugs, but not paraphernalia. One may possess paraphernalia without possessing drugs. R.C. 2925.11 and 2925.14 are not, therefore, allied offenses of similar import and are not in "conflict" for purposes of R.C. 1.51. Neither must be given preference over the other.

Appellant was properly charged with drug abuse and the trial court did not err in overruling the motion to dismiss. Appellant's assignment of error is overruled.

### III

For the reasons stated above, we affirm the decision of the trial court.

*Judgment affirmed.*

WOLFF, J., concurs.

WILSON, J., dissents.

WILSON, Judge, dissenting.

The defendant filed a Crim.R. 12(B) motion to dismiss the indictment charging him with drug abuse.

At the beginning of the motion hearing it was stipulated that the defendant had a crack pipe in his possession on the date alleged in the indictment. It was also stipulated that the state's only evidence of possession of cocaine was the "residue inside adhering to the inner wall."

We have held that cocaine residue in a crack pipe means the minute cocaine remaining in the pipe after the crack has been burned. *State v. Lewis* (June 10, 1991), Clark App. No. 2748, unreported, 1991 WL 102788.

We have also held that cocaine residue will not support a conviction for drug abuse. *State v. Susser* (Dec. 5, 1990), Montgomery App. No. 11787, unreported, 1990 WL 197958.

I would reverse the conviction and discharge the defendant.