[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Stephen K. Griffen, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possession of heroin in violation of R.C. 2925.11(A), a felony of the fifth degree. For the following reasons, we affirm the trial court's judgment.
In January 2001, Griffen was convicted of possessing drug paraphernalia, a fourth-degree misdemeanor, in the Hamilton County Municipal Court. He served a thirty-day jail sentence for the offense. In February 2001, he was indicted for possessing heroin, and it was stipulated that the heroin that was the subject of the felony charge was the residue contained in the drug paraphernalia from the January conviction.
Griffen filed a motion to dismiss the heroin-possession charge on the basis that a prosecution for that charge would violate the Double Jeopardy Clauses of the Ohio and United States Constitutions. The trial court overruled the motion, and Griffen entered a no-contest plea to the charge. The trial court found him guilty and sentenced him to community control.
In a single assignment of error, Griffen contends that the trial court erred in overruling his motion to dismiss. In essence, he argues that possession of drug paraphernalia and possession of a controlled substance are allied offenses of similar import. The assignment is not well taken.
Allied offenses of similar import are offenses whose elements, compared in the abstract, correspond to such a degree that the commission of one will necessarily result in the commission of the other.[1] Possession of drug paraphernalia pursuant to R.C. 2925.14 and possessing a controlled substance pursuant to R.C. 2925.11 are not allied offenses of similar import.[2] One may be in possession of drugs but not paraphernalia, and one may possess drug paraphernalia but not drugs.[3]
The trial court did not err in overruling the motion to dismiss. The assignment of error is accordingly overruled, and the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Rance (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699,703. Griffen argues that when the residue from the drug paraphernalia was the subject of a subsequent drug-possession charge, multiple prosecutions were barred. The pronouncement in Rance that the elements of the offenses are to be compared in the abstract, and not with reference to the specific allegations against a given defendant, renders that argument without merit.
[2] See State v. Lynch (1991), 75 Ohio App.3d 518, 521-522,599 N.E.2d 856, 858; State v. Smith (July 6, 2000), Cuyahoga App. No. 76501, unreported; State v. Mullenix (Sept. 15, 1993), Summit App. No. 16229, unreported.
[3] Id.