The STATE of Ohio, Appellant,

v.

EPPINGER, Appellee.

[Cite as *State v. Eppinger*, 162 Ohio App.3d 795, 2005-Ohio-4155.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85631.

Decided Aug. 11, 2005.

796

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary McGrath, Assistant Prosecuting Attorney, for appellant.

Andrew P. Zavelson, for appellee.

ANN DYKE, Judge.

{¶ 1} Pursuant to R.C. 2945.67(A), the state of Ohio appeals from the order of the trial court that granted defendant Malcolm Eppinger's motion to dismiss an indictment. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

{¶ 2} On February 12, 2004, defendant was indicted on one count of possession of drugs in violation of R.C. 2925.11 for allegedly possessing less than five grams of cocaine. Defendant pleaded not guilty and moved to dismiss the indictment. Defendant asserted that the charge arose because police observed him with a crack pipe, and testing of the pipe indicated the presence of cocaine. Defendant maintained that the state was required to charge him with the specific offense of possessing drug paraphernalia, a misdemeanor proscribed by R.C. 2925.14, rather than the general offense of drug possession. Defendant also claimed that the pipe had only a minuscule amount of cocaine, which he could not have knowingly possessed, in violation of R.C. 2925.11.

{¶ 3} The trial court granted the motion to dismiss, and the state now appeals, assigning two errors for our review.

{¶ 4} The state's first assignment of error states:

{¶ 5} "The trial court erred in granting Appellee's motion to dismiss on the ground that R.C. 2925.14, which prohibits the possession of drug paraphernalia, is a more specific provision than R.C. 2925.11, which prohibits the possession of drugs, and therefore applies in all 'crack stem' cases."

{¶ 6} With this assignment of error, the state maintains that it is permissible to charge a defendant with drug possession if residue is found within a crack pipe, pursuant to *State v. Teamer* (1998), 82 Ohio St.3d 490, 696 N.E.2d 1049. In opposition, defendant maintains that the state should have charged him with the misdemeanor drug-paraphernalia offense pursuant to *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818.

{¶ 7} R.C. 1.51 provides:

{¶ 8} "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 9} In *State v. Volpe,* supra, the court noted that R.C. 2915.02 prohibits criminal possession and control of a gambling device and classifies such conduct as a misdemeanor. The court therefore determined that under R.C. 1.51, the defendant could not be charged with a felony under R.C. 2923.24 for possession

and control of criminal tools in connection with the possession of gambling devices. The court determined that if a general provision and a special provision are in conflict, the special provision takes precedence unless there is a manifest legislative intent that a general provision of the Revised Code prevail over a special provision.

{¶ 10} Later, in *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134, the court additionally held that "where the legislative intent is manifest that general and special provisions be applied coextensively and where the provisions are allied offenses of similar import, then the prosecution may charge on and try both, but the defendant may be sentenced upon his or her conviction for only one of the offenses."

{¶ 11} The *Chippendale* court explained:

{¶ 12} "To summarize, R.C. 1.51 comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime. When this is the case, we must proceed with our analysis of R.C. 1.51.

{¶ 13} "Where it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both. Conversely, where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision. The only exception in the statute is where ' * * * the general provision is the later provision and the manifest intent is that the general provision prevail.' Thus, unless the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision, the special provision must be the only provision applied to the defendant."

{¶ 14} Thus, in determining the applicability of R.C. 1.51, the court must first ascertain whether the two statutes present an irreconcilable conflict. Such a conflict arises when the same conduct receives different penalties under two different statutes. *State v. Chippendale,* supra; *State v. Friedman* (1991), 70 Ohio App.3d 262, 590 N.E.2d 909; *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596. If the offenses are not allied offenses of similar import they are not irreconcilable under R.C. 1.51. See *State v. Davis,* Summit App. No. 21762, 2004-Ohio-3704, 2004 WL 1562560.

{¶ 15} In *State v. Lynch* (1991), 75 Ohio App.3d 518, 520–522, 599 N.E.2d 856, the defendant claimed that the state was precluded from charging him under the drug-abuse statute, R.C. 2925.11, rather than the drug-paraphernalia statute,

R.C. 2925.14, because R.C. 2925.14 is the more specific violation. In rejecting this argument, the court stated:

{¶ 16} "R.C. 2925.11 provides, in part:

{¶ 17} " '(A) No person shall knowingly obtain, possess, or use a controlled substance.

{¶ 18} "R.C. 2925.14 provides in part:

{¶ 19} " '(A) As used in this section, "drug paraphernalia" means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in * * * injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. * * *

{¶ 20} " ' * * *

{¶ 21} " '(B) In determining if an object is drug paraphernalia, a court or law enforcement officer shall consider, in addition to other relevant factors, the following:

{¶ 22} " ' * * *

{¶ 23} " '(4) The existence of any residue of a controlled substance on the object[.]

{¶ 24} " ' * * *

{¶ 25} " '(C)(1) No person shall knowingly use, or possess with purpose to use, drug paraphernalia.'

{¶ 26} "We find no indication that the General Assembly intended that a person in possession of an object containing the residue of an illegal drug must be charged with a paraphernalia violation, R.C. 2925.14, rather than a drug abuse violation, R.C. 2925.11. The crime of drug abuse contains no element concerning the quantity of illegal drugs possessed, and so it may be concluded that any quantity is sufficient to satisfy the statute, including a mere residue on an object, so long as it is possessed knowingly. Also, presence of a residue of controlled substance is not an element of a drug paraphernalia offense, but merely a factor or evidence which may be considered in proving the offense. Therefore, the fact that one possesses a residue of controlled substance does not necessarily compel a finding of guilt of a paraphernalia charge.

{¶ 27} "* * *

{¶ 28} "Allied offenses of similar import are offenses the elements of which correspond to such a degree that the commission of one will result in the commission of the other. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520. The elements of drug abuse and possession of paraphernalia do not

**800**

so correspond. One may be in possession of drugs, but not paraphernalia. One may possess paraphernalia without possessing drugs. R.C. 2925.11 and 2925.14 are not, therefore, allied offenses of similar import."

{¶ 29} In accordance with all of the foregoing, the offenses are not allied, the state did not contravene R.C. 1.51 in charging defendant with possession of drugs in violation of R.C. 2925.11, and the trial court erred in dismissing the indictment for this reason. Accord *State v. Smith* (July 6, 2000), Cuyahoga App. No. 76501, 2000 WL 897284. Finally, we note numerous instances in which the defendant was charged with and convicted of possession for having residue in a crack pipe. See *State v. Schlick* (Dec. 7, 2000), Cuyahoga App. No. 77885, 2000 WL 1803216; *State v. Borden* (Oct. 26, 2000), Cuyahoga App. No. 77488, 2000 WL 1594576; *State v. Woodall* (Oct. 19, 2000), Cuyahoga App. No. 77230, 2000 WL 1545043; *State v. Smith* (July 6, 2000), Cuyahoga App. No. 76501, 2000 WL 897284.

{¶ 30} The state's second assignment of error states:

{¶ 31} "The trial court erred in granting Appellee's motion to dismiss on the ground that Appellant failed to set forth sufficient evidence that Appellee knowingly possessed drugs."

{¶ 32} With regard to procedure, Crim.R. 12(C) provides:

{¶ 33} "Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

{¶ 34} " * * *

{¶ 35} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)."

{¶ 36} Pursuant to this rule, a defendant may file only those pretrial motions that are capable of determination without a trial of the general issue. *State v. Nihiser*, Hocking App. No. 03CA21, 2004-Ohio-4067, 2004 WL 1737862. Where a motion to dismiss requires examination of evidence beyond the face of the indictment, it must be presented as a motion for acquittal at the close of the state's case. *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476; *State v. Edwards* (Nov. 12, 1997), Lorain App. No. 97CA006660, 1997 WL 760905.

{¶ 37} Thus, a motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant. *State v. Patterson*

(1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165. In order to test the sufficiency of the indictment or complaint, the proper query is whether the allegations contained in the indictment or complaint make out offenses under Ohio criminal law. Id. If they do, it is premature for the trial court to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges. Id. A motion to dismiss an indictment cannot properly be granted where the indictment is valid on its face. See, e.g., *State v. Varner,* supra; *Elyria v. Elbert* (Oct. 4, 1995), Lorain App. Nos. 95CA006082 and 95CA006083, 1995 WL 592250; *State v. Barsic* (May 10, 1995), Lorain App. No. 94CA005883.

{¶ 38} With regard to the substantive law, in *State v. Teamer,* supra, the defendant was convicted of drug abuse, in violation of R.C. 2925.11(A), for possessing drug residue. Defendant claimed that because the amount of cocaine detected was so minuscule, he should not have been charged with drug abuse, a felony, and should have instead been charged with possessing drug paraphernalia, a prohibited act under R.C. 2925.14, a misdemeanor. In rejecting the defendant's claim, the court stated:

{¶ 39} "In our view, the unambiguous language of R.C. 2925.11 punishes conduct for the possession of any amount of a controlled substance. It does not qualify the crime by stating that the amount of the drug must be of a certain weight. We may not insert an amount provision into the unambiguous language of the statute. Appellant argues that because only a trace of cocaine was detected, it is drastically unfair to charge him with a felony crime when another statutory provision is more applicable. However, we find that this argument is better addressed to the General Assembly. We must apply the statute as written.

{¶ 40} "Accordingly, we find that the quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A). As long as there is scientifically accepted testimony from which a factfinder could conclude beyond a reasonable doubt that a controlled substance was present, a conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed based on the amount of contraband involved." *Teamer,* 82 Ohio St.3d at 491–492, 696 N.E.2d 1049.

{¶ 41} In accordance with the foregoing, the trial court erred insofar as it looked beyond the face of the indictment and considered the evidence that the state would offer in support of the charge, thereby testing the weight or sufficiency of the state's evidence prior to trial. See *State v. O'Neal* (1996), 114 Ohio App.3d 335, 336, 683 N.E.2d 105; *State v. Varner,* supra. R.C. 2925.11 punishes the possession of any amount of a controlled substance. Because R.C. 2925.11 does not qualify the crime by stating that the amount of the drug must be of a certain weight, a charge of possession may be based upon residue contained

within a crack pipe. Accord *State v. Daniels* (1985), 26 Ohio App.3d 101, 26 OBR 276, 498 N.E.2d 227 (trial court erred in dismissing indictment that charged defendant with drug abuse on the basis that possession of four milligrams of cocaine was not a "minimal, usable amount" and hence not a violation of R.C. 2925.11(A); the statute does not establish any minimum prohibited amount of a controlled substance).

{¶ 42} The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BLACKMON, A.J., and SWEENEY, J., concur.