JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Timothy Nash ("defendant"), appeals his conviction of possession of drugs entered by the Cuyahoga County Court of Common Pleas after a jury found him guilty of the offense. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On November 3, 2004, two CMHA police officers observed four males standing by a car in the parking lot of the Outwaite Estates of CMHA. This is a high crime area and the officers were patrolling for drug activity. The officers stopped their zone car and approached the males. Upon seeing the officers, defendant started walking away from the group to a bicycle laying on the ground. Patrolman Gregory Drew, one of the officers that afternoon, testified that he saw defendant place a glass pipe into his pocket. He testified that defendant did not stop when told to do so and that after a short struggle, he was placed in handcuffs. Officer Kerry Blakemore, the other officer on duty, testified that he removed the glass pipe from defendant's pocket and that it had "chore boy" inside of it.[1] The officers did not find any cocaine on defendant's person. Defendant was arrested and taken into custody.
 {¶ 3} Tracey Kramer, a scientific examiner in the City of Cleveland Police forensic laboratory, testified that she analyzed the glass pipe and that it tested positive for cocaine.
 {¶ 4} On December 30, 2004, defendant was indicted for one count of possession of drugs in violation of R.C. 2925.11. Defendant pled not guilty and the matter proceeded to a jury trial on February 23, 2005. At trial, defendant was convicted of possession of drugs and sentenced to a prison term of nine months.
 {¶ 5} Defendant appeals his conviction and raises two assignments of error for our review.
 {¶ 6} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction."
 {¶ 7} In his first assignment of error, defendant argues that the evidence was insufficient to support his conviction for possession of drugs. We disagree.
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 10} Here, defendant was convicted of possession of drugs in violation of R.C. 2925.11, which provides, in pertinent part, as follows:
 {¶ 11} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 12} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant knowingly possessed cocaine and the trial court properly denied his motion for acquittal.
 {¶ 13} At trial, Officer Drew testified that he observed the defendant walking away from him while placing a glass pipe inside his pocket. He testified that defendant tried to leave on his bicycle and that a short struggle ensued after which defendant was placed in handcuffs. Officer Blakemore testified that he removed a glass pipe from the defendant's pocket. Ms. Kramer testified that the glass pipe contained residue that tested positive for cocaine.
 {¶ 14} This Court has consistently held that a defendant can be found guilty of drug possession when he possesses paraphernalia containing drug residue. State v. Teamer (1998),82 Ohio St.3d 490; State v. Eppinger (2005),162 Ohio App.3d 795, 800; State v. Schlick (Dec. 7, 2000), Cuyahoga App. No. 77885; State v. Borden (Oct. 26, 2000), Cuyahoga App. No. 77488; State v. Woodall (Oct. 19, 2000), Cuyahoga App. No. 77230; State v. Smith (July 6, 2000), Cuyahoga App. No. 76501. The quantity of a controlled substance is not a factor in determining whether defendant may be lawfully convicted of drug possession. Ibid. Moreover, the fact that the defendant attempted to conceal the glass pipe is sufficient to show the defendant knowingly possessed drug residue. State v. Teamer, supra;State v. Smith, supra. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of possession of drugs proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 15} Assignment of Error I is overruled.
 {¶ 16} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 17} In his second assignment of error, defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 18} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 19} Here, the jury heard Officer Drew testify that defendant began walking away from him while placing a glass pipe inside his pocket. The jury heard Officer Blakemore testify that he removed the glass pipe from the defendant's pocket. Finally, the jury heard Ms. Kramer testify that the glass pipe contained residue that tested positive for cocaine. Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument.
 {¶ 20} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding defendant guilty of possession of drugs. We find there to be substantial, competent, and credible evidence upon which the jury could base its decision that defendant knowingly possessed a controlled substance.
 {¶ 21} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.
[1] Choir Boy is a metal mesh that is sold in grocery stores as a cleaner for dishes but is commonly used as a filter in crack pipes.