JOURNAL ENTRY AND OPINION
{¶ 1} After pleading no contest to a charge of possession of cocaine, defendant-appellant Dalton Jones appeals from the trial court's denial of his motion to dismiss the indictment.
 {¶ 2} Jones argues that, pursuant to the doctrine of collateral estoppel, his plea in municipal court to other charges related to the same incident barred the state from instituting the instant charge; consequently, the trial court erred in failing to dismiss the indictment. Jones further asserts his trial counsel provided ineffective assistance for failing to obtain the transcript of the municipal court plea hearing, since it would have supported his argument for dismissal.
 {¶ 3} This court, however, cannot agree with Jones; therefore, his conviction is affirmed.
 {¶ 4} The record reflects Jones' indictment in this case results from an incident that occurred in the city of Euclid on September 28, 2004. A police officer responded to a Lake Shore Boulevard shoe store on a complaint that a male shoplifter fled with a bag of merchandise. After obtaining a description of the suspect, the officer spotted a man who matched the description only a short distance away.
 {¶ 5} The man, later identified as Jones, was seated when the officer approached him. The officer saw Jones had a rolled piece of paper towel in his lap and, in plain sight, a syringe. Inside the piece of paper towel, Jones carried a glass pipe which appeared to contain drug residue. Jones also had with him bags of shoe store merchandise. Upon his arrest, Jones initially gave a false name.
 {¶ 6} Jones ultimately received citations for the following misdemeanor offenses: false information; theft; possession of a drug instrument; and possession of drug paraphernalia. On October 7, 2004, when his case was called in Euclid Municipal Court, he entered pleas of no contest to the latter three of the charges, while the false information charge was dismissed. He was sentenced to a short jail term.
 {¶ 7} In the meantime, on October 4, 2004 the detective assigned to Jones' case sent the glass pipe to the State Bureau of Criminal Identification ("BCI") laboratory for analysis. The analysis, when it was returned on October 18, indicated the residue inside tested positive for less than a tenth of a gram of cocaine.
 {¶ 8} On December 8, 2004 Jones was indicted in the instant case on one fifth-degree felony count of possession of cocaine in an amount less than five grams. He entered a plea of not guilty and was assigned counsel to represent him. The record reflects the court set the matter for trial during the first pretrial hearing; trial was scheduled for April 4, 2005.
 {¶ 9} On that date, however, defense counsel indicated an "intent to file a motion to dismiss" the indictment; therefore, the court granted a defense motion for continuance of trial. The journal entry set the date for hearing on the motion for April 15, and permitted the state to file its response brief the day before the hearing.
 {¶ 10} The hearing on the motion to dismiss took place as scheduled. Defense counsel argued that since they related to the same incident, Jones' pleas to the misdemeanor offenses in municipal court barred the state from pursuing the instant case. Counsel further asserted Jones had a reasonable expectation that in entering his pleas, no further prosecution would be pursued. In making her argument, however, counsel acknowledged she did not secure a copy of the transcript from the municipal court proceeding.
 {¶ 11} A misunderstanding arose at that point, since, from counsel's acknowledgment, the court gained the impression that counsel sought another continuance to obtain the municipal court plea hearing transcript. The prosecutor objected to any further continuances. After some discussion, the trial court agreed with the prosecutor, thus denying any continuance of the matter.
 {¶ 12} It was only at that juncture that counsel explained the transcript would be unnecessary for her argument. In order to settle the misunderstanding, counsel stated, "There's no [need for the] transcript. There never has been — if I just can make my record here a moment, Your Honor. Because there were no felony charges at the time, [Elliott] couldn't request any preliminary transcript or ask for a preliminary hearing because he didn't know there were pending felonies against him." She continued, "[H]ad there been some indication at the municipal court level * * * that [there was] a pending felony, he could have requested a preliminary hearing. There will be no transcript of anything but a misdemeanor plea and sentence."
 {¶ 13} The record reflects the trial court thereupon permitted defense counsel to proceed with her argument for dismissal. In response, the prosecutor countered the double jeopardy claim on the basis that since the results of the BCI analysis had been pending at the time of the municipal court plea hearing, the state had not known all the facts, thus the instant indictment was proper. The prosecutor additionally contended that the doctrine of collateral estoppel did not apply because Jones did not have any expectation about possible further charges.
 {¶ 14} Jones testified on his own behalf. He stated that prior to the municipal court plea hearing, the detective assigned to his case told him all of the charges against him would be dismissed if Jones provided information about drug sellers in the neighborhood. Jones indicated he could provide no information, but one of the charges was dismissed before he entered his plea.
 {¶ 15} After considering the matter, the trial court denied Jones' motion to dismiss the indictment. Jones subsequently entered a plea of no contest to the charge. The court found him guilty of possession of cocaine upon hearing a recitation of the facts, and sentenced him to a term of six months of incarceration.
 {¶ 16} Jones presents the following two assignments of error for review:
 {¶ 17} "I. The trial court erred in denying defendant's motion for a continuance to obtain a transcript essential to the motion to dismiss [,] and then subsequently denying the motion to dismiss.
 {¶ 18} "II. Defendant suffered prejudice due to ineffective assistance of counsel because counsel failed to obtain a transcript to demonstrate collateral estoppel, which was the only defense proffered on behalf of defendant."
 {¶ 19} It is clear that Jones' assignments of error are interrelated. On the premise that the plea hearing transcript from the municipal court proceeding was relevant to his motion to dismiss the indictment, he asserts both that the trial court erred in denying another continuance of this case in order to obtain the transcript, and that defense counsel's failure to obtain the transcript in the first place constituted ineffective assistance. Additionally, he asserts that the trial court erred in denying his motion to dismiss. This court disagrees with both the premise and the assertions. Accordingly, Jones' assignments of error are overruled.
 {¶ 20} The trial court retains the discretion to determine whether to grant or to deny a motion for a continuance. State v.Unger (1981), 67 Ohio St.2d 65. It follows that where no abuse of discretion occurred, the trial court's decision must be affirmed. Id. In this case, although the trial court initially assumed defense counsel was requesting an additional continuance to better argue the motion to dismiss the indictment, that assumption was incorrect.
 {¶ 21} Defense counsel's comments at the commencement of her argument were slightly muddled until she gained momentum. At that point, she clarified that a continuance to obtain a copy of the transcript would, in her view, be futile. Thus, the record reflects defense counsel actually did not seek a continuance of the motion hearing. Under these circumstances, the trial court neither committed error nor abused its discretion in proceeding with the hearing on the motion to dismiss.
 {¶ 22} Furthermore, the record, in conjunction with defense counsel's explanation of her position in this matter, answers the claim of ineffective assistance that Jones raises in his second assignment of error. In order to sustain his claim of ineffective assistance, Jones must demonstrate both that trial counsel violated an essential duty she owed to him, and that such violation substantially prejudiced his defense. State v.Bradley (1989), 42 Ohio St.3d 136. The record reflects Jones cannot meet even the first requirement of his claim.
 {¶ 23} First, in addressing the trial court, defense counsel stated the municipal court plea transcript would not contain anything relevant to her motion to dismiss the indictment, since, as she indicated, Jones had not been informed that he was facing additional felony prosecution. Under these circumstances, the municipal court transcript would not contain any reference to an "agreement" between Jones and the city prosecutor in exchange for his plea. See, State v. Zima, 102 Ohio St.3d 61,2004-Ohio-1807.
 {¶ 24} Second, Jones himself told the trial court he rejected the offer of a plea agreement that had been made by the detective assigned to his case. Thus, clearly, the transcript of the misdemeanor plea hearing was unnecessary, and counsel's failure to obtain a copy cannot be deemed a failure of an essential duty she owed Jones.
 {¶ 25} Jones additionally argues his indictment in this case should have been dismissed based upon the reasoning set forth inState v. McDonough, Cuyahoga App. No. 84766, 2005-Ohio-1315. This court disagrees for two reasons.
 {¶ 26} First, in deciding the case, this court's opinion stated at ¶ 2 that McDonough "entered [into] a plea agreement
under which the state agreed to reduce the charge of driving under suspension to no operator's license * * * in exchange for McDonough's plea of no contest to the charges." (Emphasis added.)
 {¶ 27} Second, McDonough reasoned in ¶ 10 that the proper inquiry focused on the "reasonableness" of the defendant's belief that no further prosecutions would be pursued. In this case, Jones rejected an offer of a dismissal of any potential additional charges; therefore, he could have no reasonable belief with regard to that matter.
 {¶ 28} In State v. Eppinger, Cuyahoga App. No. 85631,2005-Ohio-4155, when considering whether the trial court properly dismissed an indictment, this court held that a felony prosecution for possession of drugs was proper even though the state could pursue a misdemeanor charge for possession of drug paraphernalia. Id., ¶¶ 15-28, citing State v. Lynch (1991),75 Ohio App.3d 518. The laws of Ohio "allow a prosecutor to charge on both" a general provision such as possession of drugs and a special provision, such as possession of drug paraphernalia.Eppinger, at ¶ 13.
 {¶ 29} For the foregoing reasons, the trial court did not err in failing to dismiss the indictment in this case.
 {¶ 30} Jones' assignments of error are overruled.
 {¶ 31} His conviction and sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Gallagher, J. concur.