JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his conviction by a jury on one count of drug possession, cocaine, a schedule II drug, in violation of R.C. 2925.11, a fifth degree felony.[1]
 {¶ 2} In April 2005, Detective Graves of the Cleveland Police Department was investigating a complaint of drug activity in the West 47th Street and Lorain Avenue area. As part of his investigation, Graves was patrolling the area when he saw defendant driving a vehicle with an alleged prostitute inside the car. Graves ran defendant's license plate and learned the vehicle was listed as stolen. Graves pursued defendant, who, after a brief chase, pulled his vehicle over.
 {¶ 3} After defendant exited the vehicle, a glass crack pipe fell from his shirt pocket to the ground and broke. Police recovered the pipe and then tested it. The pipe contained cocaine residue. Defendant was indicted and tried for possessing the cocaine inside the crack pipe in an amount less than five grams.
 {¶ 4} In a pretrial motion to dismiss the possession charge, defendant argued that he should be tried for possessing only drug paraphernalia, the crack pipe, under R.C. 2925.14. Defendant further argued that the jury should be instructed on the lesser offense of possessing drug paraphernalia rather than cocaine. The trial court denied both defendant's requests. Following his conviction, defendant was sentenced to an eleven-month prison term along with a five-year suspension of his driver's license.
 {¶ 5} In this timely appeal, defendant presents a single assignment of error which reads as follows:
THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE JURY INSTRUCTION FOR POSSESSION OF DRUG PARAPHERNALIA.
 {¶ 6} Defendant admits that he possessed the crack pipe. Defendant argues, however, that he was never knowingly in possession of cocaine pursuant to R.C. 2925.11, a fifth degree felony.[2] We disagree.
 {¶ 7} "A defendant can be found guilty of drug possession when he possesses paraphernalia containing drug residue. Statev. Teamer (1998) 82 Ohio St.3d 490, 696 N.E.2d 1049. The quantity of a controlled substance is not a factor in determining whether defendant may be lawfully convicted of drug possession. Id." State v. Smith, (July 6, 2000), Cuyahoga App. No. 76501, 2000 Ohio App. LEXIS 3039, *4.
 {¶ 8} In the case at bar, defendant ignores the unrebutted fact that the crack pipe police seized from him contained cocaine residue in an amount less than five grams. Moreover, he offers no explanation as to why he should not be found to know what was in a crack pipe he admitted possessing.
 {¶ 9} Defendant further argues that possessing drug paraphernalia is a lesser offense of possessing cocaine. Defendant therefore concludes that he was entitled to a jury instruction on the lesser offense.
 {¶ 10} "Allied offenses of similar import are offenses the elements of which correspond to such a degree that the commission of one will result in the commission of the other. Newark v.Vazirani (1990), 48 Ohio St.3d 81, 549 N.E.2d 520. The elements of drug abuse and possession of paraphernalia do not so correspond. One may be in possession of drugs, but not paraphernalia. One may possess paraphernalia without possessing drugs. R.C. 2925.11 and 2925.14 are not, therefore, allied offenses of similar import." Smith, supra, *6, citing State v.Lynch (1991), 75 Ohio App.3d 518, 521-522, 599 N.E.2d 856.
 {¶ 11} In the case at bar, possession of cocaine and possession of drug paraphernalia are not allied offenses. As explained in Smith, one offense can be committed without committing the other. Accordingly, defendant was not entitled to a jury instruction on the offense of possessing drug paraphernalia.
 {¶ 12} For the foregoing reasons, defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., concur.
[1] Defendant was additionally indicted for receiving stolen property in violation of R.C. 2913.51, Count II. Before trial, the state dismissed Count II.
[2] R.C. 2925.11 provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."