JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Ronald Csokmay ("appellant"), appeals his conviction for drug possession. For the reasons set forth below, we affirm.
 {¶ 2} On October 21, 2005, the Cuyahoga County Grand Jury indicted appellant on two counts: count one alleged possession of heroin, in violation of R.C. 2925.11, and count two alleged possession of cocaine, in violation of R.C. 2925.11. Appellant pleaded not guilty to the indictment.
 {¶ 3} Appellant waived his right to a jury and the case proceeded to a bench trial on March 13, 2006. At trial, the state established the following pertinent facts.
 {¶ 4} Between July 8, 2005 through July 13, 2005, Robert Kanzig, a detective with the Cleveland Police Department, testified that he performed surveillance on the residence of 4120 Germaine Avenue in Cleveland, Ohio. The police had received a complaint alleging prostitution occurring at this residence. During the surveillance, he observed Tammie Zeitz, a known prostitute, entering and exiting the residence. Therefore, on July 13, 2005, Detective Kanzig and his partner, Detective Roland Mitchell, went to the residence attempting to interview the homeowner concerning the prostitution reports.
 {¶ 5} Upon approaching the residence, Detective Kanzig testified that he observed appellant in the backyard working on a vehicle. As the detectives approached, appellant walked toward them. The detectives informed him they were there regarding alleged prostitution. Detective Kanzig stated that appellant became *Page 3 
concerned that neighbors would overhear the conversation and invited the detectives inside the residence.
 {¶ 6} Inside the house, the detectives followed appellant into the basement. There, the detectives observed another male, the co-defendant, John Munson ("Munson"). The detectives interviewed both Munson and appellant. During the interview, Detective Mitchell alerted Detective Kanzig to a syringe, spoon and baggie in plain view on a dresser in the basement. Munson admitted to the detectives that he owned the drug paraphernalia.
 {¶ 7} Detective Mitchell confiscated the spoon and baggie. Laboratory tests revealed heroin residue on the drug paraphernalia.
 {¶ 8} While in the basement, appellant explained to detectives that a number of women had come to his home but that he was unaware of any prostitution. He promised that the women would never return. He also explained that he permitted Zeitz and Munson to stay in his home. Appellant maintained that he was unaware of the alleged prostitution activities of Zeitz. He, however, admitted to being aware of Zeitz's and Munson's drug use in the residence. He also acknowledged his own use of the heroin, the remnants of which were discovered on the drug paraphernalia found in the basement.
 {¶ 9} After Detective Mitchell confiscated the drug paraphernalia containing heroin residue, Detective Kanzig asked appellant whether he had any other drugs in *Page 4 
the house. Detective Kanzig testified that appellant responded that he had a glass pipe in his bedroom. Officer Mitchell confirmed Kanzig's testimony and stated that he overheard appellant inform Detective Kanzig that a pipe was in his bedroom. As a result, Detective Kanzig followed appellant upstairs to the doorway of his bedroom.
 {¶ 10} Upon approaching the doorway, Detective Kanzig testified that he saw an ashtray on a dresser that contained a pipe. He stated that appellant picked up the ashtray and held it in front of Detective Kanzig. The detective took the pipe from the ashtray and placed it in his pocket. Detective Kanzig then informed appellant that he was not going to arrest appellant as a result of appellant's cooperation. Later, tests revealed cocaine residue on the pipe discovered in appellant's bedroom.
 {¶ 11} The state then rested its case and appellant moved for a Crim.R. 29 motion for acquittal. The court granted his motion as to count one, the possession of heroin charge, but denied it as to count two, the possession of cocaine charge. Thereafter, appellant testified on his own behalf.
 {¶ 12} Appellant testified that his sister owns the residence on Germaine Avenue and that he pays her rent to live there. For a few months during his stay, he permitted a childhood friend, Tammie Zeitz, and her boyfriend, John Munson, to live in the basement. Appellant testified that the two were permitted to utilize nearly every room of his house except his bedroom.
 {¶ 13} On the day in question, the police approached appellant and asked him *Page 5 
questions regarding complaints from neighbors of prostitution at the home. The detectives suggested that they speak in the house and appellant complied with their requests. Upon entering the home, detectives noticed Munson in the basement. Therefore, the detectives and appellant went to the basement. There, the detectives noticed a syringe and spoon on a dresser. Munson admitted to police that he owned the drug paraphernalia.
 {¶ 14} Thereafter, appellant testified that Detective Kanzig told appellant to give him the crack pipe. Appellant was unaware of how the detective knew about the crack pipe. Nevertheless, the detective assured appellant that he would not be arrested if he relinquished the pipe.
 {¶ 15} In an effort to fully comply with the detective's request, appellant retrieved a broken crack pipe from a wooden jar atop the television in the living room upstairs. He explained that, after the police arrived, but prior to them entering the home, he placed his dog in the bathroom located on the first floor of the home and retrieved the broken crack pipe from a closet in the bathroom and placed it in a wood container atop the television in the living room. Appellant explained that occupants and guests of the house utilize this bathroom.
 {¶ 16} Appellant testified that neither of the detectives followed him upstairs to retrieve the crack pipe. Instead, he brought the pipe down to the detectives in the basement. When asked where he retrieved the pipe from, the detective followed *Page 6 
appellant upstairs and appellant handed him the wooden jar. When the detective asked him who owned the pipe, appellant told the officer's he owned it. The detectives then left the house with the drug paraphernalia.
 {¶ 17} At the trial, appellant recanted his statement to the police and testified that he did not own the broken pipe. Instead, he lied and told them it was his pipe in an effort to protect Zeitz. He did admit, however, that he had smoked crack from a pipe with Zeitz in his house in the distant past. He was unable to verify whether the crack pipe confiscated on the day in question was the pipe he had previously used with Zeitz.
 {¶ 18} After he rested his case, appellant made another motion for acquittal, which the trial court denied. The court then found appellant guilty of drug possession as alleged in count two.
 {¶ 19} On April 25, 2006, the court placed appellant on one year of community control sanctions.
 {¶ 20} Appellant now appeals and submits two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 21} "The appellant's conviction for possession of drugs is not supported by sufficient evidence."
 {¶ 22} When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution *Page 7 
and determine if any rational trier of fact could have found the essential elements of the crime, proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Thus, a reviewing court will not overturn a conviction for insufficiency of "the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4,739 N.E.2d 749.
 {¶ 23} Within this assignment of error, appellant argues that the state failed to present evidence that he knew cocaine was present in the pipe given to the officers. We disagree.
 {¶ 24} The jury convicted appellant of one count of possession of drugs as defined in R.C. 2925.11, which reads:
 {¶ 25} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 26} The term "knowingly" is defined in R.C. 2910.22(B) and states:
 {¶ 27} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 28} "A defendant can be found guilty of drug possession when he *Page 8 
possesses paraphernalia containing drug residue. State v. Teamer (1998),82 Ohio St.3d 490, 696 N.E.2d 1049. Additionally, whether a defendant is aware that he possessed a controlled substance is a question of fact to be determined by the jury based on the totality of the circumstances. Id. See also, State v. Smith (July 6, 2000), Cuyahoga App. No. 76501."State v. Woodall (Oct. 19, 2000), Cuyahoga App. No. 77230.
 {¶ 29} Viewing the evidence in this case in a light most favorable to the state, we find that the evidence sufficiently established appellant knew the pipe contained cocaine. Detective Kanzig testified that appellant informed him that there was a crack pipe in his bedroom. Detective Mitchell confirmed Kanzig's testimony in this regard. Detective Kanzig then followed appellant upstairs to the bedroom and witnessed appellant retrieve an ashtray from a dresser that contained the pipe. The detective confiscated the pipe from the ashtray and placed it in his pocket. Later, tests confirmed that cocaine residue was on the pipe. Additionally, appellant testified that he told police on the day in question that he owned the crack pipe. In light of this evidence, we find that reasonable minds could conclude that appellant knowingly possessed cocaine. Therefore, appellant's first assignment of error is without merit.
 {¶ 30} Appellant's second assignment of error states:
 {¶ 31} "The appellant's right to due process of law was violated where the *Page 9 
appellant was charged with a felony offense where his conduct constituted, at most, a misdemeanor offense."
 {¶ 32} In his second assignment of error, appellant maintains that the instant action should have been brought pursuant to the more specific provision of the Revised Code, possession of drug paraphernalia pursuant to R.C. 2925.14, rather than possession of drugs pursuant to 2925.11. In support of his argument, appellant directs this court to R.C. 1.51, which states:
 {¶ 33} "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."
 {¶ 34} In State v. Chippendale (1990), 52 Ohio St.3d 118,556 N.E.2d 1134, the Supreme Court of Ohio held "that where the legislative intent is manifest that general and special provisions be applied coextensively and where the provisions are allied offenses of similar import, then the prosecution may charge on and try both, but the defendant may be sentenced upon his or her conviction for only one of the offenses." Id. at 122.
 {¶ 35} The Chippendale court explained:
 {¶ 36} "To summarize, R.C. 1.51 comes into play only when a general and a *Page 10 
special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime. When this is the case, we must proceed with our analysis of R.C. 1.51.
 {¶ 37} "Where it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both. Conversely, where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision. The only exception in the statute is where `* * * the general provision is the later provision and the manifest intent is that the general provision prevail.' Thus, unless the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision, the special provision must be the only provision applied to the defendant." Id. at 120-121.
 {¶ 38} Accordingly, R.C. 1.51 is only applicable if a general and special provision of the Criminal Code present an irreconcilable conflict. State v. Eppinger, 162 Ohio App.3d 795, 798, 2005-Ohio-4155,835 N.E.2d 746. A conflict develops when the same conduct receives different penalties under two different statutes. Id., citing State v.Chippendale, supra; State v. Friedman (1991), 70 Ohio App.3d 262,590 N.E.2d 909; State v. Sufronko (1995), 105 Ohio App.3d 504, 506,664 N.E.2d 596. Offenses that are not allied offenses of similar import are not irreconcilable *Page 11 
pursuant R.C. 1.51. Eppinger, supra.
 {¶ 39} In Eppinger, supra, we previously found that drug abuse and possession of paraphernalia are not allied offenses of similar import because the elements of these two offenses do not correspond in that the commission of one will result in the commission of the other. Id. at 800, relying on State v. Lynch (1991), 75 Ohio App.3d 518,599 N.E.2d 856. The court in Lynch, supra, explained:
 {¶ 40} "The crime of drug abuse contains no element concerning the quantity of illegal drugs possessed, and so it may be concluded that any quantity is sufficient to satisfy the statute, including a mere residue on an object, so long as it is possessed knowingly. Also, presence of a residue of controlled substance is not an element of a drug paraphernalia offense, but merely a factor or evidence which may be considered in proving the offense. Therefore, the fact that one possesses a residue of controlled substance does not necessarily compel a finding of guilt of a paraphernalia charge." Id. at 520-521.
 {¶ 41} Consequently, one may possess drugs but not paraphernalia and vice versa. Accordingly, R.C. 2925.11 and 2925.14 are not allied offenses of similar import. Lynch, supra at 521-522. Therefore, we find in the instant matter that the state did not contravene R.C. 1.51 by charging appellant with possession of drugs rather than possession of paraphernalia. Accord State v. Smith (July 6, 2000), Cuyahoga App. No. 76501. Appellant's second assignment of error is overruled. *Page 12 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1