OPINION
{¶ 1} Defendant-appellant Lawrence D. Yurco appeals his conviction entered by in the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 7, 2005 Appellant was arrested and charged for possession and use of drug paraphernalia and drug abuse after a Delaware County Deputy Sheriff found Appellant's vehicle in a ditch with two prescription bottles and a glass stem crack pipe in the grass next to the vehicle. Appellant admitted to the deputy both the prescription bottles and the glass stem crack pipe were his. Upon inspection by the laboratory, the crack pipe was found to contain less than one tenth of a gram of cocaine.
 {¶ 3} Appellant was subsequently indicted on the charges of drug abuse, in violation of R.C. 2925.11(A) and possession or use of drug paraphernalia, in violation of R.C. 2925.14.
 {¶ 4} On August 11, 2005, Appellant appeared in the Delaware County Court of Common Pleas on the charge of drug paraphernalia and entered a plea of guilty to a lesser included charge. Appellant then moved the trial court to dismiss the charge of drug abuse, in violation of R.C.2925.13(A), arguing the drug abuse charge was an allied offense of similar import to the drug paraphernalia charge. The trial court denied the motion.
 {¶ 5} On February 27, 2007, Appellant entered a plea of no contest to the drug abuse charge, in violation of R.C. 2925.11(A). The trial court accepted the plea, and sentenced Appellant to community control sanctions. *Page 3 
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT DRUG ABUSE AND DRUG PARAPHERNALIA WERE NOT ALLIED OFFENCES [SIC] OF SIMILAR IMPORT AND OVERRULED APPELLANT'S MOTION TO DISMISS."
 {¶ 8} In his sole assignment of error, Appellant argues the trial court erred in denying his motion to dismiss as the charges of drug abuse and drug paraphernalia are allied offenses of similar import.
 {¶ 9} As set forth above, Appellant was charged with drug abuse, in violation of R.C. 2925.11(A) and drug paraphernalia, in violation of R.C. 2925.14.
 {¶ 10} Ohio Revised Code Section 2925.11 states:
 {¶ 11} (A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 12} Section 2925.14 reads:
 {¶ 13} "(A) As used in this section, "drug paraphernalia" means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. "Drug paraphernalia" includes, but is not limited to, any of the following equipment, products, or materials that are used by the offender, intended by the offender for use, or designed by the offender for use, in any of the following manners: *Page 4 
 {¶ 14} * * *
 {¶ 15} "(13) An object, instrument, or device for ingesting, inhaling, or otherwise introducing into the human body, marihuana, cocaine, hashish, or hashish oil, such as a metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe, with or without a screen, permanent screen, hashish head, or punctured metal bowl; water pipe; carburetion tube or device; smoking or carburetion mask; roach clip or similar object used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand; miniature cocaine spoon, or cocaine vial; chamber pipe; carburetor pipe; electric pipe; air driver pipe; chillum; bong; or ice pipe or chiller.
 {¶ 16} * * *
 {¶ 17} "(C)(1) No person shall knowingly use, or possess with purpose to use, drug paraphernalia."
 {¶ 18} In State v. Ranee (1999), 85 Ohio St.3d 632 the Ohio Supreme Court set forth the test to determine whether two crimes are allied offenses of similar import:
 {¶ 19} "The applicable test for deciding that issue is as follows: If the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.' Id. at 13, 676 N.E.2d at 81, quoting Blankenship, 38 Ohio St.3d at 117, 526 N.E.2d at 817. If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends-the multiple convictions are permitted. R.C.2941.25(B). See, also, State v. Mughni (1987), 33 Ohio St.3d 65, 68,514 N.E.2d 870, 873.
 {¶ 20} * * * *Page 5 
 {¶ 21} "Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." Jones, 78 Ohio St.3d at 14,676 N.E.2d at 81. And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. R.C.2941.25(B); Jones, 78 Ohio St.3d at 14, 676 N.E.2d at 81 (a defendant may be convicted of allied offenses of similar import if the defendant's conduct reveals that the crimes were committed separately or with separate animus)."
 {¶ 22} Upon review of the statutes for which Appellant was charged, the crime of drug abuse requires the presence of a controlled substances, which is not an element of the drug paraphernalia offense. Each of the crimes requires an element the other does not; therefore, the charges of drug paraphernalia and drug abuse are not allied offenses of similar import. See State v. Eppinger, 2005-Ohio-4155; State v.Lynch (1991), 75 Ohio App.3d 518. One may possess drugs but not paraphernalia, and one may possess paraphernalia without drugs.Eppinger, supra; Lynch, supra. Accordingly, the trial court did not err in denying Appellant's motion to dismiss. *Page 6 
 {¶ 23} Appellant's conviction for drug abuse in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Wise, J. and Delaney, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1