This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio, appeals from the Medina County Court of Common Pleas' dismissal of a contamination charge against Appellee-defendant, Damian Venditti. We reverse.
On June 4, 1997, a student at a vocational school became ill after consuming ice cream garnished with laxatives. Defendant was allegedly responsible for this "prank."
On August 28, 1997, a Medina County Grand Jury indicted Defendant on one count of contamination of food in violation of R.C. 2927.24(B), a first degree felony, and one count of assault in violation of R.C. 2903.13, a first degree misdemeanor. The trial court granted Defendant's motion for leave to file a motion to dismiss pursuant to Crim.R. 12(B) on February 2, 1998. Defendant filed his motion to dismiss on February 5, 1998. He requested that the trial court dismiss the R.C. 2927.24(B) count in the indictment on the basis that R.C. 1.51 was violated because he should have been indicted for violating R.C. 3716.11(A). After conducting a hearing on February 27, 1998, the trial court dismissed the count.
The State of Ohio timely appeals and raises a single assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred when, pursuant to R.C. Section 1.51, it dismissed the felony count set forth in the two-count indictment, to wit: contaminating substance for human consumption or use in violation of R.C. Section 2927.24(B), a felony of the first degree.
The State of Ohio contends that the trial court erred when it dismissed the contamination of food count on Defendant's indictment. We agree.
R.C. 1.51 provides:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
The Supreme Court of Ohio has concluded:
 * * * R.C. 1.51 comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime. When this is the case, we must proceed with our analysis of R.C. 1.51.
 State v. Chippendale (1990), 52 Ohio St.3d 118, 120. This analysis provides that when the manifest legislative intent was for the two crimes to be enforced coextensively, a defendant may be charged for both. Id. at paragraph two of the syllabus. However, when the specific statutory provision prevails over the general statutory provision, the prosecution is prevented from charging a defendant for both the specific and general provisions. Id. at paragraph three of the syllabus.
In State v. Chippendale, the Supreme Court compared R.C.2903.04(B) with R.C. 2903.06 and R.C. 2903.07. Id. at 121. A violation of R.C. 2903.04(B), involuntary manslaughter, occurs when a person commits a misdemeanor that proximately causes the death of another. Aggravated vehicular homicide is defined by R.C. 2903.06 and R.C. 2903.07 as negligently or recklessly operating a vehicle that proximately causes the death of another. The Court concluded that these provisions constituted allied offenses of similar import and created a specific versus general distinction. State v. Chippendale, 52 Ohio St.3d at 121. With respect to the allied offense determination, the Court noted that the violation of the provision for aggravated vehicular homicide will necessarily result in the violation of the provision for involuntary manslaughter. Id. Because the two steps for the R.C.1.51 analysis were fulfilled, the Court proceeded with an inquiry regarding the legislative intent for the provisions and opined that the legislature intended the provisions to exist coextensively. Id. at 122-23.
The Supreme Court of Ohio has held:
 Because [one specific criminal statutory provision] clearly was enacted to reach criminal possession and control of a gambling device and such conduct is classified as a misdemeanor in the first degree [ ], [another general criminal statutory provision] prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person for possession and control of a gambling device.
 State v. Volpe (1988), 38 Ohio St.3d 191, paragraph two of the syllabus. In State v. Volpe, the two statutory provisions contained the same mens rea. In addition, the only difference between the two provisions was the object that was being possessed.
In the case at bar, the two statutory provisions at issue do not create the specific versus general distinction contemplated by R.C. 1.51. According to R.C. 2927.24(B), a felony of the first degree:
 [N]o person shall knowingly mingle a poison or other harmful substance with a food, drink, nonprescription drug, prescription drug, or pharmaceutical product * * * if the person knows or has reason to know that the food, drink, nonprescription drug, prescription drug, or pharmaceutical product may be ingested or used by another person. * * *
R.C. 3716.11(A), a misdemeanor in the first degree, provides in part:
 No person shall * * *, knowing or having reasonable cause to believe that any person may suffer physical harm or be seriously inconvenienced or annoyed thereby[,] [p]lace a pin, needle, razor blade, glass, laxative, drug of abuse, or other harmful or hazardous object or substance in any food or confection.
 The provisions differ not only in the objects being described, but also in the required state of mind of the perpetrator. The former lists items that may be deadly in and of themselves, such as poison. The latter includes items that are not necessarily deadly in and of themselves, but may be physically harmful if ingested in a particular quantity or in a particular manner. The former also requires two mens rea: (1) that the person knowingly mingles, and (2) that the person knows or has reason to know that the substance will be ingested. The latter appears to have only one mens rea requirement: that the person know or have reasonable cause to believe that a person will suffer physical harm or inconvenience. Accordingly, R.C. 3716.11(A) does not appear to be a specific provision to the general provision of R.C. 2927.24(B).
Assuming, arguendo, that R.C. 3716.11(A) was a specific provision to the general provision of R.C. 2927.24(B), the provisions do not constitute allied offenses of similar import that would trigger a R.C. 1.51 legislative intent inquiry. Specifically, the violation of R.C. 2927.24(B) does not necessarily result in the violation of R.C. 3716.11(A) because the provisions address different mens rea, different substances, and different results.
Based on the foregoing, the trial court erred by concluding that Defendant could not be charged for R.C. 2927.24(B) on the basis that such a charge violated R.C. 1.51. The State of Ohio's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, J.
CARR, J.
CONCUR