OPINION
{¶ 1} Defendant-appellant, Lindsey M. Williams, appeals the prison sentence imposed by the Warren County Court of Common Pleas after he pled guilty to various charges, including multiple counts of felonious assault related to a 2006 police stand-off at his home.
 {¶ 2} In 2007, appellant pled guilty to 12 counts of felonious assault with a seven-year *Page 2 
gun specification for each count, one count of aggravated robbery with a gun specification, one count of inducing panic with a gun specification, one count of improperly discharging a firearm at or into a habitation with a gun specification, one count of failure to comply with an order or signal of a police officer with a gun specification, and four misdemeanor counts of aggravated menacing.
 {¶ 3} Appellant was sentenced to an aggregate term of 22 years in prison. The trial court imposed eight years for each of the felonious assault counts, which also carried a consecutive seven-year gun specification, but each felonious assault count was ordered to run concurrently. The trial court imposed a three-year prison term for aggravated robbery with a consecutive three-year gun specification, with the aggravated robbery with specification to run consecutive to the felonious assault counts. The trial court imposed one year in prison for failure to comply with an order of an officer, which was required by statute to run consecutively. All other sentences were imposed to run concurrently to all of the charges. The trial court indicated that appellant would receive credit for time served on the misdemeanor counts.
 {¶ 4} Appellant now appeals his sentence, presenting a single assignment of error for our review.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE COURT ERRED IN FAILING TO MERGE APPROPRIATE COUNTS OF THE INDICTMENT FOR SENTENCING PURPOSES."
 {¶ 7} We interpret appellant's arguments set forth under this assignment of error to challenge the imposition of a second consecutive gun specification, as well as the failure to merge the 12 felonious assault counts.
 {¶ 8} The following facts were gleaned from the record from appellant's change of *Page 3 
plea hearing[1] and separate sentencing hearing. Law enforcement officers responded to a disturbance at appellant's house in Warren County in December 2006. During a scuffle outside of the house between appellant's brother and police, appellant's brother was "tazed." Appellant, who was reportedly intoxicated, came to the door holding a weapon.
 {¶ 9} A stand-off lasting more than three hours ensued between appellant inside the dwelling and officers outside. Appellant admitted to firing weapons numerous times at the officers, and one officer indicated that more than 100 shots were fired. Several cruisers behind which many of the officers sought protection received weapons fire. An estimated 20 or more officers were on the scene during the stand-off and 12 officers were named as the victims in the felonious assault charges.
 {¶ 10} Appellant pled guilty to the charge of aggravated robbery based upon the allegation that appellant took a police cruiser, "while armed with three different guns," and drove away from his residence in the cruiser. According to the record, appellant was pursued by law enforcement, but failed to obey orders and signals to stop. Appellant eventually was apprehended by officers from another police agency.
 {¶ 11} Appellant argues first that the trial court could not impose a prison term for the gun specification charged with the aggravated robbery count because the aggravated robbery was part of the same act or transaction as the felonious assaults.
 {¶ 12} The aggravated robbery charge included a specification under R.C. 2941.145, which involved displaying, brandishing, or indicating possession of a firearm or using a firearm to facilitate an offense. A version of R.C. 2929.14(D)(1)(a) previously in effect stated, in pertinent part, that if an offender who is convicted of a felony also is convicted of a specification of the type described in R.C. 2941.145, the court shall impose on the offender a *Page 4 
three-year term. R.C. 2929.14(D)(1)(b) stated, in part, that a court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction.[2]
 {¶ 13} In reviewing a former version of a specification statute using the term, "transaction," the Ohio Supreme Court stated that "transaction" was "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." State v.Wills, 69 Ohio St.3d 690, 691, 1994-Ohio-417.
 {¶ 14} "Transaction" has also been described as "a series of criminal offenses which develop from a single criminal adventure, bearing a logical relationship to one another, and bound together by time, space, and purpose directed toward a single objective." State v. Godfrey (Aug. 14, 1998), Hamilton App. Nos. C-970531 and C-970577, 1998 WL 472021 at *4; see State v. Gregory (1993), 90 Ohio App.3d 124, 129.
 {¶ 15} We note that the specification for appellant's felonious assault count was charged under R.C. 2941.1412, which involves the discharging of a firearm at a police officer while committing the offense. The previous version of R.C. 2929.14 applicable to this particular specification of R.C. 2941.1412 was R.C. 2929.14(D)(1)(f) which stated that a court "shall not impose more than one additional prison term on an offender under division (D)(1)(f) of this section for felonies committed as part of the same act or transaction. If a court imposes an additional prison term on an offender under division (D)(1)(f) of this section relative to an offense, the court shall not impose a prison term under division (D)(1)(a) or (c) of this section relative to the same offense." R.C. 2929.14(D)(1)(f).
 {¶ 16} Therefore, it is not clear that the "same act or transaction" language is applicable in this case where appellant pled guilty to a specification under *Page 5 
R.C. 2929.14(D)(1)(a) for one offense and a specification under R.C. 2929.14(D)(1)(f) for a different offense. Nonetheless, we find that the two specifications were charged with two separate felonies that were not part of the same act, transaction, or criminal adventure.
 {¶ 17} It appears that the conduct constituting the felonious assault charges commenced shortly after the scuffle between appellant's brother and police. The record indicates that appellant fired at the officers and demanded that they return his brother to him. Appellant later said he personally felt threatened.
 {¶ 18} Some three or more hours into the stand-off, appellant apparently abandoned his initial objectives and escaped from the area by stealing a police cruiser and taking weapons with him. The record supports a determination that the specifications were not for felonies that were part of the same act or transaction.
 {¶ 19} Appellant next argues that the trial court should have merged the felonious assault counts as they were allied offenses of similar import.
 {¶ 20} According to R.C. 2941.25, where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment may contain counts for all such offenses, but the defendant may be convicted of only one. R.C. 2941.25(A); seeState v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, paragraph one of syllabus (in determining whether offenses are allied offenses of similar import under R.C. 2941.25[A], courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements; State v. Ranee, 85 Ohio St.3d 632, 1999-Ohio-291, clarified).
 {¶ 21} Under R.C. 2941.25(B), where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment may contain counts for all such offenses and he may be convicted of all of them. *Page 6 
See Cabrales at ¶ 14 (in the second step of two-step analysis of R.C. 2941.25, defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses; if the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses).
 {¶ 22} "Animus," has been defined as "purpose," or "more properly, immediate motive." State v. Logan (1979), 60 Ohio St.3d 126, 131;State v. Griffith (Aug. 18, 1997), Warren App. No. CA97-02-018.
 {¶ 23} The parties filed memoranda before sentencing on the issue of whether the felonious assault counts should be merged as allied offenses of similar import. The state again discussed the issue at the sentencing hearing. The trial court was aware of appellant's position on the 12 felonious assault charges when it decided to impose a sentence for each count, but to run the sentences concurrently.
 {¶ 24} Appellant asserts that the crimes were not committed separately or with a separate animus because he was not aware of how many officers were present when he was shooting and he did not have the intent to fire on any particular officer, but to keep officers "generally away from him."
 {¶ 25} We disagree. The record indicates that appellant told Deputy Todd Snelling several times during the stand-off that he could see the officers outside. The deputy explained that four officers secured appellant's brother, that seven or eight other officers were also behind cars in front of the residence, and that four or five of those officers were plainly in view. Appellant reportedly told this deputy, who had repeatedly tried to negotiate with appellant, that he was declaring "war" on them, that he had hand grenades in the house and attack dogs. Deputy Snelling also indicated that appellant mentioned and was "agitated" about Deputy Crooks, who was located behind the house, and later learned that shots were fired in the direction of Deputy Crooks behind the house. *Page 7 
 {¶ 26} The record indicates that appellant was aware of, and by means of a deadly weapon, attempted to cause physical harm to 12 separate victims. Accordingly, appellant could be convicted of 12 counts of felonious assault and sentenced accordingly. See State v. Gregory,90 Ohio App. 3d at 129.
 {¶ 27} Appellant offered his calculation in his appellate brief of the sentence that the trial court should have imposed. In addition to the issues already discussed in this appeal, appellant proposed the minimum sentence of three years for the first-degree felony felonious assault and the same sentence for the aggravated robbery, but argued that the robbery should run concurrently to the other offenses.
 {¶ 28} To the extent that appellant alleges that his sentence is contrary to law, we note that the sentences imposed were within their permissible statutory range. See R.C. 2929.14; R.C. 2903.11; R.C. 2911.01; R.C 2917.31; R.C. 2923.161; R.C. 2921.331; see, also, R.C. 2941.1412 and R.C. 2941.145. We have reviewed the record in conjunction with the pertinent law discussed in this decision and the applicable rules and statutes regarding sentencing and determine that the sentence imposed by the trial court was not "clearly and convincingly contrary to law." State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. Further, the trial court did not abuse its discretion in its selection of a sentence within the permissible statutory range. Id. at ¶ 17. Appellant's single assignment of error is overruled.
 {¶ 29} Judgment affirmed.
BRESSLER and YOUNG, JJ., concur.
[1] This court sua sponte ordered that the record be supplemented with a transcript of the plea hearing.
[2] We note that R.C. 2929.14 was amended in 2008 and some fairly significant changes were made to the "same act and transaction" language of the R.C. 2929.14(D)(1) subdivisions. *Page 1