The STATE of Ohio, Appellee,

v.

RIVARDE, Appellant.

[Cite as *State v. Rivarde*, 197 Ohio App.3d 99, 2011-Ohio-5354.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–10–259.

Decided Oct. 17, 2011.

</div>

100

Michael T. Gmoser, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, for appellee.

Repper, Pagan, Cook, Ltd., and Christopher J. Pagan;  and Christopher Frederick, for appellant.

RINGLAND, Judge.

{¶ 1} Defendant-appellant, Teri Rivarde, appeals from her conviction in the Butler County Court of Common Pleas for one count of grand theft and two counts of tampering with records.  For the reasons outlined below, we affirm.

{¶ 2} On April 1, 2009, the Butler County Grand Jury returned an indictment against appellant, charging her with one count of grand theft in violation of R.C. 2913.02(A)(3), a fourth-degree felony, and two counts of tampering with recordings kept by a local governmental entity in violation of R.C. 2913.42(A)(1) and (B)(4), third-degree felonies.  The charges stemmed from allegations that appellant, with purpose to defraud, knowingly falsified a Butler County Job and Family Services application for assistance on March 15, 2006, and again on May

2, 2006, which allowed her to improperly receive over $13,000 in food stamps and Medicaid benefits.

{¶ 3} On July 15, 2010, following a three-day jury trial, appellant was found guilty on all counts and sentenced to serve six months in jail, as well as a five-year period of community control, and ordered to pay fines and restitution amounting to $13,074.42. Appellant now appeals from her conviction, raising one assignment of error for review.

{¶ 4} "The state could not charge and convict [appellant] for tampering with records under R.C. 2913.42(A)(1) on proof that she lied in an application for food stamps and Medicaid benefits."

{¶ 5} In her single assignment of error, appellant initially argues that her conviction was improper because she could not be charged and convicted "under a general statute, like tampering with records, where a specific statute applies," namely, falsification in violation of R.C. 2921.13(A)(4) or Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1). While we agree with appellant's general proposition, based on the facts of this case, we find that this argument lacks merit.

{¶ 6} It is well established that the "[p]rinciples of statutory construction require that specific statutory provisions prevail over conflicting general statutes." *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596; *State v. Hall,* Lucas App. No. L–01–1374, 2004-Ohio-1654, 2004 WL 628650, ¶ 32; *State v. Hayes,* Mahoning App. No. 07–MA–134, 2008-Ohio-4813, 2008 WL 4325910, ¶ 55. In other words, as this court has previously stated, " 'when two statutes, one general and the other special, cover the same subject matter, the special provision is to be construed as an exception to the general statute which might otherwise apply.' " *State v. Hedgecock* (May 11, 1998), Fayette App. No. CA97–08–022, 1998 WL 233380, at *4, quoting *State ex rel. Dublin Secs., Inc. v. Ohio Div. of Secs.* (1994), 68 Ohio St.3d 426, 429, 627 N.E.2d 993. In recognition of these principles, the Ohio General Assembly enacted R.C. 1.51, which provides:

{¶ 7} "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 8} In *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, the Ohio Supreme Court addressed whether the specific statutory provisions prohibiting the possession of a gambling device in violation of R.C. 2915.02(A)(5), a first-degree misdemeanor, prevailed over the general statutory provisions prohibiting the possession of criminal tools in violation of R.C. 2923.24, a fourth-degree

felony. Concluding that the two statutes were irreconcilable, the court determined that the principles found in R.C. 1.51 prohibited the defendant from being charged and convicted for both offenses "since R.C. 2915.02 and 2923.24 provide for different penalties for the same conduct, they cannot be construed to give effect to both." *Id.* at 193. The court went on to hold that because "the General Assembly clearly enacted R.C. 2915.02(A)(5) to reach criminal possession and control of a gambling device and classified such conduct as a misdemeanor of the first degree, * * * R.C. 2923.24, a general statute prohibiting possession and control of criminal tools and classifying such conduct as a fourth degree felony, cannot be used to charge and convict a person of possessing and controlling a gambling device." *Id.* at 194.

{¶ 9} The Ohio Supreme Court elaborated on its holding in *Volpe* two years later in *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134. In *Chippendale,* the defendant was convicted in the Warren County Court of Common Pleas for involuntary manslaughter in violation of R.C. 2903.04(B), a third-degree felony, and vehicular homicide in violation of R.C. 2903.06, a first-degree misdemeanor. The defendant appealed to this court, arguing that the specific vehicular-homicide statute prevailed over the more general involuntary-manslaughter statute, and therefore, his involuntary-manslaughter conviction was void. See *State v. Chippendale* (Mar. 6, 1989), Warren App. No. 88–07–054, 1989 WL 18872, at *5. This court, after applying R.C. 1.51 and *Volpe,* reversed the defendant's involuntary-manslaughter conviction "since the specific statutory provisions" found in the vehicular-homicide statute "take precedence" over the general involuntary-manslaughter statute. *Id.* at *7.

{¶ 10} The Ohio Supreme Court, however, after concluding that the statutory provisions constituted allied offenses of similar import, reinstated the defendant's involuntary-manslaughter conviction by finding a "manifest legislative intent to have the general and special provisions at issue applied coextensively." *Chippendale,* 52 Ohio St.3d at 122, 556 N.E.2d 1134. In so holding, the court "set out the steps to follow in analyzing whether one statute prevails over another." *Hayes,* 2008-Ohio-4813, 2008 WL 4325910, at ¶ 63.

{¶ 11} As the Ohio Supreme Court stated in *Chippendale,* "R.C. 1.51 comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime." *Id.,* 52 Ohio St.3d at 120, 556 N.E.2d 1134. In turn, "when the offenses in question are not allied offenses of similar import, R.C. 1.51 does not preclude the offender from being charged with and convicted of both." *State v. Smith,* Meigs App. No. 09CA16, 2011-Ohio-965, 2011 WL 765946, ¶ 16; see, e.g., *State v. Eppinger,* 162 Ohio App.3d 795, 2005-Ohio-4155, 835 N.E.2d 746, ¶ 14; *State v. Venditti* (1999), 134 Ohio App.3d

326, 329, 731 N.E.2d 184. However, when the offenses are allied offenses of similar import, an analysis pursuant to the principles outlined in R.C. 1.51 becomes necessary. *Chippendale* at 120.

{¶ 12} Under an R.C. 1.51 analysis, "[w]here it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both." *Chippendale* at 120–121. On the other hand, "where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision." *Id.* at 121. The statute provides for an exception, however, "where ' * * * the general provision is the later provision and the manifest intent is that the general provision prevail.' " *Id.* Therefore, "unless the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision, the special provision must be the only provision applied to the defendant." *Id.*

{¶ 13} To summarize, as the Ohio Supreme Court stated in *Chippendale,* "where the legislative intent is manifest that general and special provisions be applied coextensively and where the provisions are allied offenses of similar import, then the prosecution may charge on and try both, but the defendant may be sentenced upon his or her conviction for only one of those offenses." *Id.* at 122.

{¶ 14} Applying these principles to the case at bar, this court must "first ascertain whether the two statutes present an irreconcilable conflict." *Eppinger,* 162 Ohio App.3d 795, 2005-Ohio-4155, 835 N.E.2d 746, ¶ 14; *State v. Cook,* 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 44. As noted above, "[i]f the offenses are not allied offenses of similar import they are not irreconcilable under R.C. 1.51." *Eppinger,* citing *State v. Davis,* Summit App. No. 21762, 2004-Ohio-3704, 2004 WL 1562560, ¶ 6; *State v. Perkins* (July 13, 1995), Cuyahoga App. No. 67802, 1995 WL 415168, at *1.

{¶ 15} Since issuing its decisions in *Volpe* and *Chippendale,* the Ohio Supreme Court has provided courts with numerous tests to determine whether two offenses are allied offenses of similar import. See *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816; *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520; *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699; *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181; *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149; *State v. Winn,* 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154. The most recent test, which should be applicable here, is now found in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. See, e.g., *State v. Smith,* Meigs App. No. 09CA16, 2011-

Ohio-965, 2011 WL 765946 (applying the *Johnson* allied-offenses analysis in determining applicability of R.C. 1.51).

{¶ 16} In *Johnson*, the Ohio Supreme Court established a two-part test to determine whether offenses are allied offenses of similar import. *Id.* at ¶ 46–52; *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, 953 N.E.2d 337, ¶ 11. Under this test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Johnson* at ¶ 48; *State v. McCullough*, Fayette App. Nos. CA2010–04–006 and CA2010–04–008, 2011-Ohio-992, 2011 WL 773414, ¶ 14. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is simply "whether it is *possible* for both offenses to be committed by the same conduct." (Emphasis sic.) *Craycraft* at ¶ 11, citing *Johnson* at ¶ 48.

{¶ 17} If it is found that the offenses can be committed by the same conduct, courts must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50. If both questions are answered in the affirmative, the offenses are allied offenses of similar import. *State v. Blanda*, Butler App. No. CA2010–03–050, 2011-Ohio-411, 2011 WL 332725, ¶ 15, citing *Johnson* at ¶ 50. However, if the commission of one offense will never result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense," then, according to *Johnson*, the offenses are not allied offenses of similar import subject to merger. *Id.* at ¶ 51.

{¶ 18} Applying the *Johnson* analysis as it relates to the general tampering-with-records statute and the special Medicaid-eligibility-fraud statute, we must first determine whether tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4) and Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1) can be committed with the same conduct. *Id.* at ¶ 48.

{¶ 19} To be found guilty of tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4), a third-degree felony, the state must prove that the accused, "knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud," falsified, destroyed, removed, concealed, altered, defaced, or mutilated any writing, computer software, data, or record kept by or belonging to a local, state, or federal governmental entity. To be found guilty of Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1), which, based on the facts of this case, rose to a fourth-degree felony, the state must prove that the accused, "in an application for medicaid benefits or in a document that requires a disclosure of assets for the purpose of

determining eligibility to receive medicaid benefits," knowingly made or caused to be made a "false or misleading statement."

{¶ 20} After reviewing these statutory provisions, as well as cases applying the *Johnson* analysis, we find it possible to commit both offenses with the same conduct. When, as here, a person, with purpose to defraud, knowingly provides false or misleading information on an application used to determine Medicaid benefits eligibility that is kept by a governmental entity, it is certainly possible for that person to have committed both tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4) and Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1) with the same conduct.

{¶ 21} Having found that it is possible for tampering with records and Medicaid-eligibility fraud to be committed with the same conduct, the *Johnson* analysis now requires this court to determine whether appellant would have committed the offenses by way of a single act and with a single state of mind. *Id.* at ¶ 49; see, e.g., *State v. Roy,* Butler App. No. CA2009–11–290, 2011-Ohio-1992, 2011 WL 1593262, ¶ 14.

{¶ 22} Here, after a thorough review of the record, including an extensive review of the transcript from the three-day jury trial, it is clear that each of appellant's tampering-with-records convictions was based on a single act, which she committed on March 15, 2006, and again on May 2, 2006, of falsifying information on a Butler County Job and Family Services application for assistance, which allowed her to improperly receive over $13,000 in food stamps and Medicaid benefits. Although appellant was charged only with tampering with records in violation of R.C. 2913.42(A)(1), it is clear that the state would have had to rely upon the same conduct to support a conviction for Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1). Moreover, while using slightly different vernacular, a practical reading of the tampering-with-records and Medicaid-eligibility-fraud statutes clearly requires the accused to act with the same animus; namely, to knowingly provide false information for purposes of improperly obtaining public assistance.[1] In turn, based on the facts of this case, we find that these offenses are allied offenses of similar import under *Johnson.* Therefore, because we find these offenses to be allied offenses of similar import, analyzing the offenses pursuant to the principles outlined in R.C. 1.51 is now necessary.

---

**1.** "Animus" has been defined as "purpose," or " 'more properly, immediate motive.' " *State v. Williams,* Warren App. No. CA2007–12–136, 2009-Ohio-435, 2009 WL 243091, ¶ 22, quoting *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 397 N.E.2d 1345. In turn, "[i]f the defendant acted with the same 'purpose, intent, or motive' in both instances, the animus is identical for both offenses." *State v. Valvano* (Dec. 30, 1992), Hamilton App. Nos. C–920227 and C–920228, 1992 WL 393196, *2.

{¶ 23} As noted above, under the R.C. 1.51 analysis, "[w]here it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both." *Chippendale,* 52 Ohio St.3d at 120–121, 556 N.E.2d 1134. On the other hand, "where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision." *Id.* at 121. The statute provides for an exception, however, "where ' * * * the general provision is the later provision and the manifest intent is that the general provision prevail.'" *Id.* Therefore, "unless the legislature enacts or amends the general provision later in time and manifests its intent to have the general provision apply coextensively with the special provision, the special provision must be the only provision applied to the defendant." *Id.*

{¶ 24} That said, as it relates to tampering with records and Medicaid-eligibility fraud, the General Assembly expressly stated that such provisions can apply coextensively. In fact, as stated in the Medicaid-eligibility-fraud statute, which, it should be noted, became effective on September 29, 2005, "[t]he remedies and penalties provided in this section are not exclusive and do not preclude the use of any other criminal or civil remedy for any act that is in violation of this section." See R.C. 2913.401(C)(3). Therefore, given that the General Assembly expressed a clear intent for Medicaid-eligibility fraud to apply coextensively with "any other criminal or civil remedy for any act that is in violation of this section," we find that the tampering-with-records statute could be used by the state to charge and convict appellant for making false or misleading statements in an application used to establish her eligibility to receive Medicaid benefits. See *Chippendale,* 52 Ohio St.3d at 122, 556 N.E.2d 1134 (stating that "where a general and a special provision cover the same conduct, the legislature may expressly mandate that such provisions are to run coextensively"). Accordingly, having found it proper for the state to charge and convict appellant for tampering with records as opposed to merely Medicaid-eligibility fraud, appellant's additional claims regarding the applicability of the specific falsification statute are rendered moot, and her first argument is overruled.

{¶ 25} Also under her single assignment of error, appellant argues that she was subject to a "duplicitous indictment" [sic] when the "prosecutor combined the acts of lying for food stamps and lying for Medicaid benefits into a single count of tampering with records." In support of her claim, although not particularly clear, appellant argues that this violated the separation-of-powers doctrine by "creat[ing] some new offense that the General Assembly has never specifically enacted." We disagree.

{¶ 26} As noted above, appellant's act of knowingly falsifying her Butler County Job and Family Services application for assistance could have led to charges pursuant to the tampering-with-records statute, the Medicaid-eligibility-fraud statute, or possibly even the falsification statute. However, while her conduct could arguably fall under three different statutes, " '[t]he prosecutor has great discretion in deciding which charges should be filed and may decide, for a myriad of reasons, not to prosecute on certain charges notwithstanding that sufficient evidence exists to support a conviction.' " *State v. Conklin* (Mar. 27, 1995), Butler App. No. CA94-03-064, 1995 WL 128388, at *3, quoting *State v. Williams* (1993), 89 Ohio App.3d 288, 291, 624 N.E.2d 259; see also *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 448, 674 N.E.2d 1381; *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 9; *State v. Billman*, Monroe App. No. 09-MO-10, 2010-Ohio-4852, 2010 WL 3861333, ¶ 35. Moreover, "[t]he mere fact that appellant's conduct violates more than one statute does not force the state to prosecute [her] under the lesser statute." *State v. Cooper* (1990), 66 Ohio App.3d 551, 553, 585 N.E.2d 868; *State v. Spearman*, Lucas App. No. L-01-1373, 2004-Ohio-1641, 2004 WL 628638, ¶ 37; *State v. Jackson* (Nov. 26, 1996), Franklin App. No. 96APA04-504, 1996 WL 684135, at *4. Therefore, based on these principles, as well as our findings under appellant's first argument, we find no error in the state's decision to charge and try appellant for tampering with records only. Accordingly, appellant's second argument is likewise overruled.

Judgment affirmed.

POWELL, P.J., and HENDRICKSON, J., concur.