[Cite as *State v. Atkins*, 2013-Ohio-2326.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                      |
|------------------------|---|------------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.     |
|                        | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee     | : | Hon. Sheila G. Farmer, J.    |
|                        | : |                              |
| -vs-                   | : |                              |
|                        | : | Case No. 12-CA-39            |
| SHEVANN R. ATKINS      | : |                              |
|                        | : |                              |
| Defendant-Appellant    | : | O P I N I O N                |


CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield County
                              Court of Common Pleas, Case No. 2011-
                              CR-380

JUDGMENT:                     Affirmed in part; reversed in part; remanded

DATE OF JUDGMENT ENTRY:       June 4, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOCELYN KELLY                         THOMAS ELWING
Assistant Prosecuting Attorney        60 West Columbus Street
239 West Main Street, Suite 101       Pickerington, OH 43147
Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Defendant-appellant Shevann R. Atkins ("Atkins") appeals her convictions and sentences in the Fairfield County Court of Common Pleas for one count of theft, a fourth-degree felony in violation of R.C. 2913.02(A)(3), one count of illegal use of supplemental nutrition assistance program benefits, a fourth-degree felony in violation of R.C. 2913.46(B), and one count of tampering with records, a third-degree felony in violation of R.C. 2913.42(A)(1).

### Facts and Procedural History

{¶2} Between 2009 and 2011, Atkins submitted numerous applications for benefits to Fairfield County Job and Family Services ("FCJFS"). In each application, Atkins stated that she was a single woman living with her two minor children. She did not disclose to FCJFS that her husband, Richard Atkins, was living with her and the children. Through these misrepresentations, Atkins received an overpayment of $7,060 in supplemental nutrition assistance program or "SNAP" benefits. Atkins also received an overpayment of over $13,000 in childcare cash assistance benefits due to her misrepresentation concerning her living arrangements.

{¶3} In support of its assertion that Richard Atkins was a member of the household who should have been disclosed, the state presented the testimony of witnesses, as well as documentary evidence, and a recorded confession from Atkins to an investigator of the Fairfield County Prosecutor's Office. Atkins contested the state's allegations and testified in her own defense. She asserted that while her husband frequently visited and occasionally stayed overnight, the two had a strained relationship

and did not live together. Atkins further asserted that her confession was not voluntary and resulted from inappropriate pressure applied by the investigator.

{¶4} At trial, the State argued that the third count of the indictment for tampering with records was based on a single written application for childcare cash assistance benefits submitted by Ms. Atkins on July 25, 2009.

{¶5} At the close of all evidence, and prior to submission to the jury, the trial court determined that 2011 Am.Sub.H.B. No. 86 applied to modify the level of the offense for the second count of the indictment charging illegal use of supplemental nutrition assistance program benefits. As a result, the second count of the indictment was reduced from a third-degree felony to a fourth-degree felony. The matter was then submitted to the jury.

{¶6} Following four days of trial, a jury found Atkins guilty on all three counts of the indictment.

*Assignments of Error*

{¶7} Atkins raises two assignments of error,

{¶8} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A THIRD-DEGREE FELONY FOR THE OFFENSE OF TAMPERING WITH RECORDS WHERE THE VERDICT FORM RETURNED BY THE JURY FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 2945.75(A)(2) FOR ENHANCING THE DEGREE OF THE OFFENSE.

{¶9} "II. THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFENSES OF THEFT, ILLEGAL USE OF SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM BENEFITS, AND TAMPERING WITH RECORDS WERE

NOT ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO THE MERGER STATUTE."

I.

**{¶10}** Atkins first contends that the verdict form returned by the jury on count three of the indictment failed to comply with R.C. 2945.75(A)(2) and, therefore, Atkins can only be sentenced for a misdemeanor of the first-degree.

**{¶11}** Atkins was convicted on the third count of the indictment for tampering with records as a third-degree felony. This conviction for tampering with records was based on a single written application for childcare cash assistance benefits submitted to Fairfield County Job and family Services on July 25, 2009. This offense would constitute a first-degree misdemeanor under R.C. 2913.42(B)(2)(a) unless the writing at issue was found to be a government record, a circumstance that elevates the crime to a third-degree felony under R.C. 2913.42(B)(4). However, the offense in the case at bar was not properly elevated to a felony because the verdict form returned by the jury fails to state the degree of the offense and fails to indicate any finding that the writing at issue is a government record.

**{¶12}** The Supreme Court of Ohio has interpreted R.C. 2945.75 to provide the requirements for what must be included in a jury verdict form. *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007-Ohio-256, ¶14. The *Pelfrey* Court held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater

degree of a criminal offense." Id. See also, *State v. Nethers*, 5th Dist. No. 07 CA 78, 2008-Ohio-2679, ¶ 51.

**{¶13}** The state concedes that the verdict form in the case at bar was not sufficient under *Pelfrey* to convict Atkins of tampering with records as a felony of the third degree.

**{¶14}** We agree. The jury verdict on count three did not contain the degree of the offense or the additional finding that the writing at issue is a government record.

**{¶15}** Therefore, pursuant to *Pelfrey*, Atkins could only be convicted of the lowest degree of the offense, a first-degree misdemeanor. Accordingly, the trial court erred in sentencing Atkins as if the tampering with records was a felony of the third degree.

**{¶16}** Atkins first assignment of error is sustained.

II.

**{¶17}** In her second assignment of error, Atkins argues that the trial court erred by not merging the convictions for theft, illegal use of supplemental nutrition assistance program benefits, and tampering with records for purposes of sentencing pursuant to R.C. 2941.25.

**{¶18}** R.C. 2941.25, Multiple counts states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶19} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court revised its allied-offense jurisprudence. The *Johnson* court overruled *State v. Rance,* 85 Ohio St.3d 632, 710 N.E.2d 699(1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." The Court was unanimous in its judgment and the syllabus, "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" However, the Court could not agree on how the courts should apply that syllabus holding. The *Johnson* case lacks a majority opinion, containing instead two plurality opinions, and a separate concurrence in the judgment and syllabus only. *State v. Helms*, 7th Dist. No. 08 MA 199, 2012-Ohio-1147, ¶71 (DeGenaro, J., concurring in part and dissenting in part).

{¶20} Justice Brown's plurality opinion sets forth a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25. The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. Id. at ¶ 48, 710 N.E.2d 699. It is not necessary that the commission of one offense will *always* result in the commission of the other. Id. Rather, the question is

whether it is *possible* for both offenses to be committed by the same conduct. Id.*,* quoting *State v. Blankenship,* 38 Ohio St.3d 116, 119, 526 N.E.2d 816(1988). Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

**{¶21}** If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. Id. at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 895 N.E.2d 149, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If so, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. Id. at ¶ 51.

**{¶22}** Under Justice Brown's plurality opinion in Johnson, "the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger." Id. at ¶ 47, 942 N.E. 2d 1061. Rather, the court simply must ask whether the defendant committed the offenses by the same conduct. Id.

**{¶23}** To be found guilty of tampering with records in violation of R.C. 2913.42(A)(1), the state must prove that the accused, "knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud," falsified, destroyed, removed, concealed, altered, defaced, or mutilated any writing, computer software, data, or record. "Defraud" means to knowingly obtain, by deception, some benefit for oneself or another or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B). "Deception" means knowingly deceiving

another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A).

**{¶24}** To be found guilty of illegal use of supplemental nutrition assistance program benefits or WIC program benefits in violation of R.C. 2913.46(B), the state must prove that the accused knowingly possessed, bought, sold, used, altered, accepted, or transferred supplemental nutrition assistance program benefits, WIC program benefits, or any electronically transferred benefit in any manner not authorized by the Food and Nutrition Act of 2008 (7 U.S.C. 2011 et seq.) or section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C. 1786, as amended.

**{¶25}** To be found guilty of theft in violation of R.C. 2913.02(A)(3), the state must prove that the accused, with purpose to deprive the owner of property or services, knowingly obtained or exerted control over either the property or services by deception.

**{¶26}** In the case at bar, the conduct that constitutes tampering with records was complete when Atkins entered the false information upon the application for benefits and submitted the form to FCJFS on July 25, 2009. Tampering does not require any theft offense in order to be completed. Further, Atkins possessed, used and accepted SNAP benefits from January 2, 2009 through July 31, 2011 in a manner not authorized by the Food and Nutrition Act of 2008 (7 U.S.C. 2011 et seq.) or section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C. 1786, as amended. Atkins also received over $13,000.00 in childcare cash assistance benefits. Atkins did not commit the crime

of illegal use of supplemental nutrition assistance program benefits or WIC program benefits in violation of R.C. 2913.46(B) until she exercise dominion and control over the benefits. Atkins did not consummate the theft offense until she knowingly obtained or exerted control over the childcare cash assistance benefits.

**{¶27}** Atkins relies upon *State v. Rivarde,* 197 Ohio App.3d 99, 2011-Ohio-5354, 966 N.E.2d 301 to argue that her offenses were committed with the same animus. In *Rivarde* the Twelfth District Court of Appeals found that tampering with records, a violation of R.C. 2913.42, and Medicaid eligibility fraud, a violation of 2913.401, were allied offenses of similar import. The Court observed,

> To be found guilty of tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4), a third-degree felony, the state must prove that the accused, "knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud," falsified, destroyed, removed, concealed, altered, defaced, or mutilated any writing, computer software, data, or record kept by or belonging to a local, state, or federal governmental entity.

> To be found guilty of Medicaid-eligibility fraud in violation of R.C. 2913.401(B)(1), which, based on the facts of this case, rose to a fourth-degree felony, the state must prove that the accused, "in an application for medicaid benefits or in a document that requires a disclosure of assets for the purpose of determining eligibility to receive medicaid benefits," knowingly made or caused to be made a "false or misleading statement."

197 Ohio App.3d 99, ¶19. Both statutes required the accused to make false statements, which was the basis of the charge against Rivarde. Id. at ¶22. In the case at bar, neither theft nor illegal use of supplemental nutrition assistance program benefits require a false statement. Thus, unlike the statutes reviewed in *Rivarde,* the statutes in the case at bar do not require the accused to act with the same animus.

{¶28} Atkins acted with a separate animus with respect to the three counts of the indictment. Therefore, the trial court correctly sentenced her on each count.

{¶29} Atkins' second assignment of error is overruled.

{¶30} For the foregoing reasons, the judgment of the Court of Common Pleas, of Fairfield County, Ohio, is affirmed in part, reversed in part and this matter is remanded to that court for proceedings in accordance with our opinion and the law.


By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER


WSG:clw 0522

[Cite as *State v. Atkins*, 2013-Ohio-2326.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
SHEVANN R. ATKINS                       :
                                        :
                                        :
            Defendant-Appellant         :        CASE NO. 12-CA-39


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, of Fairfield County, Ohio, is affirmed in part, reversed in part and this matter is remanded to that court for proceedings in accordance with our opinion and the law. Costs shared equally between the parties.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER